# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 8, 2006

131685

STEVEN PURDY,
            Plaintiff-Appellee,

v                                                    SC: 131685
                                                     COA: 256730
                                                     Wayne CC: 03-306683-NO
CHRISTOPHER JOHN BERNAICHE,
            Defendant,

and

BABAR & ABRAHAM, INC., a/k/a
DRINKS SALOON
            Defendant-Appellant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, the application for leave to appeal the June 13, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should now be reviewed by this Court.

MARKMAN, J., concurs and states as follows:

Christopher Bernaiche, a patron at defendant bar, verbally confronted another patron at the bar, and the bar's employees forcefully evicted him. Some witnesses testified that Bernaiche threatened to return and kill one or more of the other persons at the bar, while others testified that they did not hear these threats. As Bernaiche was ejected, the manager of the bar called the police and requested that they respond. Several moments later, the manager called the police again. The parties dispute what the manager told the police during the second call. According to the police dispatch log, the manager stated that the police did not need to respond. However, the manager contends that he continued to request a police response. In the end, the police did not respond to the calls, and Bernaiche returned to the bar approximately 45 minutes after being ejected and shot five people, including plaintiff. Plaintiff filed suit against Bernaiche and defendant bar. The trial court denied summary disposition to defendant bar, and the Court of Appeals affirmed.

This Court has established the parameters of a merchant's duty to respond to criminal activity. In *MacDonald v PKT, Inc,* 464 Mich 322 (2001), this Court stated that "a merchant has no obligation to anticipate the criminal acts of third parties." *Id*. at 339.

> A merchant can assume that patrons will obey the criminal law. . . . This assumption should continue until a specific situation occurs on the premises that would cause a reasonable person to recognize a risk of imminent harm to an identifiable invitee. It is only a present situation on the premises, not any past incidents, that creates a duty to respond. [*Id*. at 335.]

Once a duty arises, "fulfilling the duty to respond requires only that a merchant make reasonable efforts to contact the police." *Id*. at 336. *MacDonald* did not impose a higher duty on merchants because to do so "would essentially result in the duty to provide police protection . . . ." *Id*. at 337. Nor are merchants "effectively vicariously liable for the criminal acts of third parties." *Id.* at 335. To impose such obligations not only lacks any basis in the law, it would also have a destructive effect on small businesses in high-crime areas of the state. *Id*. at 341, 344-345.

The witnesses provided varying testimony regarding whether Bernaiche threatened to return to the bar and kill patrons. Because of this differing testimony, it is uncertain whether a "present situation on the premises" can fairly be said to have existed, and consequently whether defendant bar had a duty to respond and what precisely that duty entailed. If the bar, in fact, had such a duty, the parties dispute whether the bar's manager satisfied that duty by his subsequent actions. Resolving what the manager told the police, and why he told them what he did, will assist in determining whether defendant bar made "reasonable efforts to contact the police," in a context in which the manager was "situated in roughly the same position [as his patrons] in terms of . . . vulnerability to the violent criminal predator." *Id.* at 337 n 12 (emphasis omitted). Because potentially dispositive facts are in dispute, summary disposition for defendant bar under MCR 2.116(C)(10) is inappropriate at this time. On remand, the trial court should bear in mind that, under the law of our state, defendant bar has a duty to respond to criminal activity only if a "present situation on the premises" can be said to exist, and that any duty to respond is limited to making "reasonable efforts to contact the police." Imposing a higher duty upon merchants would be a step toward requiring them to provide police protection for patrons, a duty that this Court squarely rejected in *MacDonald*.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 8, 2006

*Corbin R. Davis*

d1205

Clerk